IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SUZANNE DAWN DAVIS, Deceased, and
GRANVILLE J. DAVIS, Substituted Party,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:16CV61
                                      (Judge Keeley)

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security,**

    **Defendant.**

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 16]

On April 11, 2016, the plaintiff, Granville J. Davis ("Davis"), on behalf of his deceased daughter, Suzanne Dawn Davis ("the claimant"), filed a complaint against the defendant, the Acting Commissioner of Social Security ("Commissioner") (Dkt. No. 1). In the complaint, Davis sought review of the Commissioner's final decision denying an award of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") to the claimant, who suffered from bipolar disorder, anxiety disorder, personality disorder, and polysubstance disorder. He contended that the decision was "neither supported by substantial evidence nor based on a correct application of the law." Id. at 3.[1]

---

[1] Notably, this is the second time the claimant has sought judicial review of the Commissioner's denial of DIB and SSI. Frederick P. Stamp, Jr., United States District Judge, remanded the claimant's first case on January 7, 2015, finding error in the Commissioner's assessment of the claimant's credibility, as well as her use of several medical opinions (Civil Action No. 5:14cv83, Dkt. No. 15). The claimant died as the result of a heroin and alprazolam overdose just days before Judge Stamp entered his decision.

**DAVIS V. BERRYHILL** 1:16CV61

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 16]**

Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review. On July 11, 2016, Davis filed a motion for summary judgment (Dkt. No. 10). After being granted leave to file nunc pro tunc due to an administrative error (Dkt. No. 12), the Commissioner filed a motion for summary judgment on August 22, 2016 (Dkt. No. 14).

In an Amended Report and Recommendation ("Amended R&R")[2] dated August 8, 2017, Magistrate Judge Aloi recommended that the Court grant Davis's motion for summary judgment, deny the Commissioner's motion for summary judgment, reverse the Commissioner's decision, and remand this case to the Commissioner for the sole purpose of calculating benefits (Dkt. No. 16). As an initial matter, he reasoned that the administrative law judge ("ALJ") had failed to support his decision with substantial evidence because he had based it "on his own lay interpretation of the medical evidence." Id. at 40. For instance, the ALJ characterized the claimant's mental status examinations ("MSE") as "normal," but failed to explain how particular MSE findings contradicted other evidence of the claimant's limitations. Id. at 44. He also selectively cited

---

[2] The Amended Report and Recommendation merely corrects a formatting error in the original Report and Recommendation, which caused part of the factual background to appear as a symbol (Dkt. No. 16 at 1 n.1).

instances when the claimant reported feeling better, but failed to acknowledge that those reports were exceptional. Id. at 46.

As a result, Magistrate Judge Aloi reasoned that the ALJ impermissibly had discounted the opinion of Davis's treating physician of seven years, choosing instead to credit a consultative examiner who saw the claimant only twice. Id. at 40. Moreover, the Amended R&R found that the ALJ improperly had discounted the claimant's credibility based primarily on his lay interpretation of medical evidence and her purportedly "significant daily activities." Id. at 58-60. Noting that reopening the record would serve no purpose and that this is the second time the ALJ improperly discounted the claimant's treating physician and credibility, Magistrate Judge Aloi recommended not only that the Commissioner's decision be reversed, but that the case be remanded for the award of benefits rather than further consideration. Id. at 66-67.

The Amended R&R also informed the parties of their right to file "written objections identifying the portions of the Report and Recommendation to which objections are made, and the basis for such objections." Id. at 67. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Despite receiving the Amended R&R through the Court's electronic filing system, neither party has filed any objections to the recommendations.

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 16]**

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the Amended R&R and the record for clear error, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the Amended R&R (Dkt. No. 16).

In conclusion, the Court:

    **1)**    **ADOPTS** the Amended R&R (Dkt. No. 16);

    **2)**    **DIRECTS** the Clerk to terminate the original Report and Recommendation (Dkt. No. 15);

    **3)**    **DENIES** the Commissioner's motion for summary judgment (Dkt. No. 14);

    **4)**    **GRANTS** Davis's motion for summary judgment (Dkt. No. 9);

> **5)** **REVERSES** the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g); and
>
> **6)** **REMANDS** this case to the Commissioner for the sole purpose of calculation and award of benefits.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record.

**Dated:** August 30, 2017.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE